# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Cooks Venture, Inc.,<br>    Debtor. | Chapter 7<br>Case No. 24-10828-KBO |
| In re:<br>Cooks Venture Poultry, Inc.,<br>    Debtor. | Chapter 7<br>Case No. 24-10829-KBO |
| In re:<br>Cooks Venture Poultry Jay, Inc.,<br>    Debtor. | Chapter 7<br>Case No. 24-10830-KBO |

## DECLARATION IN SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS OTHER THAN ASSUMED LIABILITIES; (II) APPROVING THE TRUSTEE'S ENTRY INTO THE ASSET PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF

I, David Pitman, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1. I am the Manager of Bel's Poultry, LLC (the "Purchaser" or "Bel's Poultry"), the proposed purchaser of certain assets from the Debtors' Estates (the "Purchased Assets"), and I submit this Declaration in support of the *Trustee's Motion for Entry of an Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens Other than Assumed Liabilities; (II) Approving the Trustee's Entry into the Asset Purchase Agreement; and (III) Granting Related Relief* (the "Sale Motion") [D.I. 13],[1] filed in the above-captioned bankruptcy cases (the "Bankruptcy Cases").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings provided in the Sale Motion. All references to the docket contained herein shall refer to the docket in *In re Cooks Venture, Inc.*, Case No. 24-10828-KBO.

2. Unless otherwise stated herein, I am authorized to submit this Declaration on behalf of Bel's Poultry and have personal knowledge of the facts set forth herein.

3. In March of 2024, Bel's Poultry entered into arm's length negotiations with the Debtors and, subsequently, with the Trustee, to purchase the Estates' interest in the Acquired Assets, as defined in the APA (defined below). Subject to the Court's approval, Bel's Poultry and the Trustee (the "Parties") have entered into an *Asset Purchase Agreement*, dated as of April 19, 2024, a copy of which is attached as Exhibit "B" to the Sale Motion (the "APA"). Under the APA, Bel's Poultry has agreed to purchase the Estates' interest in the Acquired Assets for the amount of $7,100,000.00, subject to certain adjustments.

4. The Parties engaged in arm's length negotiations conducted in good faith with respect to the purchase of the Acquired Assets.

5. The Parties have not, and will not, exchange any consideration other than as described in the Motion and APA. The consideration as set forth in the APA represents fair and reasonable value being paid for the Acquired Assets.

6. In the Sale Motion, the Trustee requests that the Court approve the Sale and, *inter alia*, find that Bel's Poultry is a "good faith" purchaser entitled to the protections afforded to good faith purchasers under 11 U.S.C. § 363(m).

7. To the best of my knowledge, information and belief, Bel's Poultry has no connections with the Trustee, the Debtors, the Debtors' creditors, the Debtors' employees, other professionals, the United States Trustee, any persons employed in the Office of the United States Trustee, or any other party in interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___8___ day of May, 2024.

_____
David Pitman
Manager, Bel's Poultry, LLC